**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SUSAN MAE POLK,

        Plaintiff - Appellant,

  v.

LINDA DALY; et al.,

        Defendants - Appellees.

No. 13-15602

D.C. No. 4:12-cv-00193-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted April 7, 2014[**]

Before:    TASHIMA, GRABER, and IKUTA, Circuit Judges.

    California state prisoner Susan Mae Polk appeals pro se from the district

court's judgment dismissing her 42 U.S.C. § 1983 action alleging claims regarding

the sale of family property to reimburse county officials for her criminal defense

costs related to her conviction for the second degree murder of her husband.  We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2000). We affirm.

Dismissal of Polk's claims under §§ 1983 and 1985 for alleged violations of her First, Fifth, Sixth, and Fourteenth Amendments rights, and for a conspiracy to discriminate based on religious animus, was proper because Polk failed to file this action within the applicable two-year statute of limitations, or establish grounds for equitable tolling or equitable estoppel. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action); *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993) (per curiam) (California's statute of limitations for personal injury actions governs claims brought under §§ 1983 and 1985); *see also Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1051-52 (9th Cir. 2008) (discussing requirements for equitable tolling and equitable estoppel under California law); Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims).

The district court properly dismissed Polk's claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") because, despite numerous

amendments, Polk failed to allege sufficient facts to show that defendants conducted an enterprise through a pattern of racketeering activity or the collection of an unlawful debt. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) (setting forth elements of a civil RICO claim under); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences).

Polk's contentions regarding defendants' alleged violation of the Hobbs Act, the district court's alleged failure to grant an additional extension of time to further amend her complaint, and the allegedly premature dismissal of her action before the commencement of discovery are unpersuasive.

**AFFIRMED.**